JOHN E. LLOYD, appellant, v. THE BOARD OF COMMISSIONERS OF SILVER BOW COUNTY, respondent.

BOARD OF PRISONERS. — Section 1075, division 5, Compiled Statutes, is as follows: "The fees allowed the sheriffs of this territory for the board of prisoners confined in jail under their charge shall be, for five or under, one dollar per day each, and for over five, eighty cents per day each." *Held*, that, under said statute, a sheriff is entitled to receive for five prisoners or less, one dollar per day for each, and for each prisoner in excess of five, eighty cents per day.

*Appeal from District Court, Silver Bow County.*

KNOWLES & FORBIS, for the appellant.

We do not think it would be a reasonable construction of the statute to say that the sheriff is to have only

eighty cents per day for the whole number of prisoners, when the number exceeds five. If that construction is to be given to the statute, the sheriff would receive less compensation for six prisoners than for five; in the first place receiving $4.80, and in the second $5. The legislature certainly never intended to enact such a law; and where the meaning is doubtful, the purpose of the legislature must be sought, and it is reasonable to think that the legislature intended the law to be construed in accordance with the appellant's views, and it would be unreasonable to put the other construction upon it.

WILLIAM H. DE WITT, for the respondent.

We submit that the statute may be grammatically read with either the construction urged by the appellant or that held by the respondent and adopted by the court below. The emphasis upon the word "and," as appellant gives it, does not throw any light upon his construction; but if we place the emphasis upon the last word, "each," we have the respondent's construction, that the compensation shall be eighty cents per day for each of the whole number. The statute being uncertain, resort must be had to the intention of the legislature. The law is an amendment to the law of the fourteenth session (1885), section 2, page 107, which is as follows: "The fees . . . . shall be not to exceed the sum of seventy-five cents per day for each prisoner when there is a less number than five; when there are five, or over that number, sixty cents per day." This statute is explicit that when the number exceeds five the compensation for each one of the whole shall be the lesser rate, sixty cents. If we consider the rule of construction, that regard must be had to the old law, the mischief, and the remedy, it appears that the intent of the legislature of 1887 was to alter the amount of compensation, and not the method of computing it; and construing the

amendatory act of 1887 in the light of the original law of 1885, the respondent's position seems to be correct.

McCONNELL, C. J.    This case was heard below upon the following agreed statement of facts, to wit: "The plaintiff herein, John E. Lloyd, is the sheriff of Silver Bow County, Montana Territory.   As such sheriff, the plaintiff, between the seventeenth day of March, 1887, and the first day of March, 1888, boarded and provided for all county prisoners held in the county jail of Silver Bow County, Montana Territory.   At no time during the said period was the number of prisoners in the said county jail less than six; that the plaintiff is entitled to receive such compensation as provided by law for the board of prisoners in the county jail; that, on the third day of March, 1888, plaintiff presented to the defendants his claim for the sum of $350 for the board of the first five prisoners in the county jail, from the seventeenth day of March, 1887, to the first day of March, 1888, the amount claimed being twenty cents per day for each prisoner, up to the number of five, and the said amount being in addition to eighty cents per day for the board of such prisoners, which amount of eighty cents per day has been paid, and the plaintiff has received the same. . . . . The points in controversy, and upon which the decision of the court is asked, are as follows: Whether under the said section plaintiff is entitled to receive one dollar per day for each prisoner under six, and eighty cents per day for each prisoner over and including six, or whether he is only entitled to receive eighty cents per day for each prisoner, whether the number confined equal or exceed six; the plaintiff maintaining that he is entitled to one dollar per day for five prisoners, and eighty cents per day for each additional prisoner over five; while the defendant maintains that plaintiff is only entitled to eighty cents per day when

the number of prisoners exceeds five." The law governing the controversy between the parties is found in the Compiled Statutes, page 945, section 1075, and is as follows, to wit: "The fees allowed the sheriffs of the several counties of this territory for the board of prisoners confined in jail under their charge shall be, for five or under, one dollar per day for each prisoner, and for over five, eighty cents per day each."

It is contended, on the one hand, that the meaning of this statute is, that the sheriff shall receive for five prisoners, or if he has less than five, one dollar per day each; but for all he has over five, he shall receive only eighty cents each; and on the other hand, it is contended that its meaning is, if the number exceeds five, the sheriff is to have only eighty cents each for all the prisoners. We think the former construction the correct one. There are two classes of prisoners provided for. The language of the statute is that "the fees allowed the sheriff . . . . . for the board of prisoners . . . . . shall be, for five or under, one dollar per day for each prisoner," and "for over five, eighty cents per day each." The word "and" connects the two classes, and has the effect to add the one to the other. The word "each" in each clause qualifies and limits the word "prisoner" in each class. The legislature meant that the sheriff should receive one dollar a day for each of five prisoners, if he had that many in his charge; but when the number exceeded five, he should only receive eighty cents per day for such excess. This construction does not require the addition of any word to the language of the statute to show its meaning, but the other does. To follow that construction, the last clause would have to read as follows, to wit: " But when there are over five, then only eighty cents each for all the prisoners." The substitution of the disjunctive conjunction "but" for " and," in order that the idea of superseding the first provision with the last, when

the number should exceed five, seems to us absolutely necessary in order to give the statute the meaning contended for by the respondents; and this would be to entirely change the meaning of the latter clause. Besides, the construction we have given prevents the incongruity of causing the legislature to allow the sheriff less for six prisoners than for five. The character of the statute for which the one under consideration was substistituted can furnish no reason why we should give its language a strained and unusual meaning.

Let a judgment be entered here according to this opinion, under the agreement of the parties.

*Judgment reversed.*

BACH, J., and LIDDELL, J., concur.